**EXHIBIT 50**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| LCF GROUP, INC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 3:22-cv-57 |
| PIEDMONT POWER SPORTS, INC., | ) |
| NEW RIVER KUBOTA, INC., | ) |
| JACK L. RICKETT, JR., | ) |
| SHAEFERENTERPRISES, LLC, and | ) |
| ERIC SCHAEFER, | ) |
| Defendants. | ) |

## DECLARATION OF JACK RICKETT

1. My name is Jack Rickett. I am the owner or Piedmont Power Sports, Inc. in rural Orange, Virginia. We are a small business located in Central Virginia with a town population of 4,500 and a county population of 35,000. We have been in business for 18 years.

2. In early June 2022, I was contacted by an individual claiming to be a representative from Funding Circle, a financial institution I currently do business with. He offered to do a refinance of my existing loan at a considerably reduced rate. He had my account number and payoff information and knew how long I had done business with Funding Circle. I was led to believe I was in a legitimate discussion to refinance my current loan. I had always had great service and good experience with Funding Circle.

3. On or about June 13, 2002, I completed what I thought was a refinancing with someone identifying himself as Jeremy Snyder, who I believed to be a representative of Funding Circle. Soon after, an unanticipated Automated Clearinghouse withdrawal (ACH) was taken from Piedmont's account for over $13,000. I closed the account. Within a day or so, a representative of Last Chance Funding Group told me that Piedmont had taken a loan from LCF. An individual named Michael Silva with LCF called accusing me of being a cryptocurrency mastermind, saying that I conspired with a 3rd party to defraud them. I explained that I had never done a transaction with cryptocurrency, nor had I ever heard of LCF. I communicated my belief that I had just completed a refinance with Funding Circle. Silva changed his tone, telling me that it sounded like my identity had been stolen and that both of us were victims of fraud. He represented he would help me find the fraudulent party, Jeremy Snyder, and attempt to make this right for both of us. But within the next few weeks, LCF filed a lawsuit against my company and me in New York without informing me of their plan to do so. LCF had all of my business and personal accounts with Truist frozen before I had a chance to defend myself.

4. Because of the freeze on the accounts, I had to contact all my suppliers to explain the situation. When you deal with the vendors that I do business with, they require payments via ACH. If a bank account is locked, it doesn't work. I had to open new accounts and change all the information I had on file with the vendors and manufacturers I buy from to stock the farm equipment and off-road vehicles that Piedmont sells.

5. I am a father of three children and have employees who rely on me to run a business and provide salaries so they can support their families. The impact of LCF's NY case was devastating to me financially as a business owner and provider. It crippled Piedmont's

cash flow and ability to pay suppliers, vendors, and employees. Initially, I didn't sleep or eat as I was constantly focused on trying to figure out how my employees and I were going to pay our bills as I had no access to funds. LCF was relentless in their communication and legal actions knowing full well I was the victim.

6. I had to hire a New York law firm costing me and my business approximately $60,000. I also retained counsel in Virginia. My attorneys in New York were able to get the NY case dismissed, but Piedmont and I are still paying their legal fees.

7. LCF now sues me in Virginia, raising baseless claims that I have been forced to defend. I did not sign a contract with LCF and did not conspire with the person who perpetrated this crime. Despite the obviousness of this, I have had to pay lawyers to prove my innocence when LCF knows I am not the person at fault. My company has paid close to $100,000 in legal fees between the two sets of lawyers.

I declare and swear under penalty of perjury that the foregoing is true and correct. Further, Declarant sayeth not.

Date: June 27, 2023

Jack Rickett

3